UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEEMA KHAN ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> WORLD SAVINGS BANK, FSB, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 10-CV-04057-LHK <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED |

This action was originally filed in the Superior Court for the County of Santa Clara on August 2, 2010. *See* Notice of Removal (Dkt. No. 1) at Ex. A (Complaint). In the Complaint, Plaintiff alleges that Defendant World Savings Bank, FSB violated federal and California law in connection with a residential mortgage transaction. On September 9, 2010, Defendant Wells Fargo Bank, N.A.[1] removed the action to this Court. *Id*. Wells Fargo then filed Motions to Dismiss and Strike the Complaint on September 16, 2010. *See* Dkt. Nos. 6 and 7. These Motions were originally set for hearing on November 2, 2010. This date was vacated when the case was reassigned. *Id*. As a result, the oppositions to these motions were due on October 12, 2010, pursuant to Civil Local Rule 7-3. Plaintiff's counsel did not timely file an opposition or a statement of non-opposition, as required by Local Rule 7-3(b), in response to either Motion. On October 28, 2010, this matter was reassigned to the undersigned per the Defendant's declination to

---

[1] As established by judicially-noticed documents submitted with Defendant's Motion to Dismiss, World Savings, the originator of Plaintiff's loan, was renamed Wachovia Mortgage, and Wachovia Mortgage has since merged to become a division of Wells Fargo.

1

Case No.: 10-CV-04057-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

proceed before a Magistrate Judge.  Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter may be decided without oral argument.  Accordingly, the hearing and case management conference currently scheduled for January 27, 2011 is hereby VACATED.

On November 2, 2010, Plaintiff's counsel filed a proposed "Consent Order Granting Substitution of Attorney," attempting to substitute his client as pro se counsel. *See* Dkt. No. 12. Because this request did not comply with various rules governing withdrawal of counsel, the Court denied this request and ordered that if Plaintiff's counsel wished to withdraw, he move to do so pursuant to Civil Local Rule 11-5(b). *See* Dkt. No. 16.

On November 3, 2010, the Defendant filed an Amended Motion to Dismiss and Motion to Strike. *See* Dkt. Nos. 13 and 14.  On November 18, the Court ordered that the Plaintiff file an opposition, or statement of non-opposition, to the Amended Motion to Dismiss by December 13, 2010. *See* Dkt. No. 18.  Counsel was warned that repeated failure to follow the Civil Local Rules, including filing statements of non-opposition as required by Civil Local Rule 7-3(b), could lead to the imposition of sanctions. *Id*. at 1, n.1.  As of today, January 11, 2011, the Plaintiff has filed no opposition or statement of non-opposition to either the Motion to Dismiss or the Motion to Strike. Based on the papers filed herein, the Court GRANTS the Motion to Dismiss.  The Motion to Strike is therefore moot, and the Court does not consider it.  Because it appears that Plaintiff's counsel has abandoned this case without having formally withdrawn, the Court considers that Plaintiff is proceeding pro se.  Accordingly, the Court grants Plaintiff leave to amend the complaint to state a claim.  Any amended complaint must be filed within **30 days of the date of this order**.  Any failure to file an amended complaint within 30 days will result in a dismissal with prejudice.

In addition, the Court finds that Plaintiff's counsel's repeated failure to follow the local rules and this Court's Orders are likely sanctionable conduct.  The Court hereby orders Plaintiff's counsel to show cause why he should not be sanctioned for the following:  1) failure to comply with Civil Local Rules and the California Rules of Professional Conduct, as outlined in the Court's Order of November 3, 2010 (Dkt. No. 16); 2) failure to follow Civil Local Rule 7-3(b) and file an opposition or statement of non-opposition to the first Motions to Dismiss and Strike (Dkt. Nos. 6 and 7) by the deadline of October 12, 2010, set by the original hearing date of November 2, 2010;

3) failure to follow this Court's Order of November 18, 2010 and to file an opposition, or statement of non-opposition, to the Amended Motion to Dismiss (Dkt. No. 13); 4) failure to follow Civil Local Rule 7-3(b) and file an opposition or statement of non-opposition to the Amended Motion to Strike by January 6, 2011; 5) additional failure to follow Civil Local Rule 7-3(b) in other matters brought before this Court. *See Jones v. PNC Bank, N.A.*, Case No. 10-cv-01077-LHK, 2010 U.S. Dist. LEXIS 92866 at *7-*8 (N.D. Cal. Aug. 20, 2010); *Khan v. World Savings Bank, FSB*, Case No. 10-cv-04305 (N.D. Cal. filed September 23, 2010) (opposition or statement of non-opposition to Motions to Dismiss and Strike due on December 30, 2010 based on hearing date of January 20, 2010; none filed); *Huerta v. Ocwen Loan Servicing*, LLC, No. 09-cv-05822, 2010 U.S. Dist. LEXIS 59750 at *3 (N.D. Cal. June 16, 2010) (noting Plaintiff's counsel's failure to file an opposition to a Motion to Dismiss). Plaintiff's counsel's response to the Order to Show Cause is due **February 17, 2011**. The Court hereby sets a hearing date of **March 17, 2011 at 1:30 p.m.** for a hearing on the Order to Show Cause.

### I.     BACKGROUND

This action arises out of a mortgage transaction. However, the Complaint provides such scarce detail about the transaction at issue that the Court must rely primarily on documents submitted by Defendant to determine even basic information including the date the transaction occurred, the parties to the transaction, and the amount of the loan. *See* Defendant's Request for Judicial Notice ("RJN"), Ex. A ("Note"), Ex. B ("Deed of Trust").[2] According to the Note and the

---

[2] Defendants make an unopposed request that the Court take judicial notice of six documents: the Note, Ex. A; the Deed of Trust, Ex. B; a Certificate of Corporate Existence regarding World Savings Bank, FSB from the Office of Thrift Supervision (OTS), Ex. C; a letter from OTS dated November 19, 2007, Ex. D; the charter of Wachovia Mortgage FSB dated December 31, 2007, Ex. E; the Federal Deposit Insurance Corporation (FDIC) profile and history of Wachovia Mortgage, FSB, dated October 27, 2010, Ex. F; and the Official Certification of the Comptroller of the Currency regarding Wachovia Mortgage, FSB and Wells Fargo Bank, Ex. G. The Loan is referenced in and forms the basis of Plaintiff's complaint, and Plaintiff does not oppose Defendant's request. Accordingly, the Court will take judicial notice of it. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled in part on other grounds, *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Regarding the Deed of Trust, Exhibit B, because it was recorded in the Santa Clara County Recorder's Office, it is a public record judicially noticeable pursuant to Fed. R. Evid. 201(b). Regarding the other Exhibits, because these are all authored or signed by United States government officials working in their official capacities, the Court finds that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and therefore takes judicial notice of them. *See Corrie v. Caterpillar*,

3
Case No.: 10-CV-04057-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

1   Deed of Trust, on November 8, 2007, Plaintiff Seema Khan[3] entered a loan to purchase real

2   property located at 3072 Silverland Drive, San Jose, California, 95135-2005 ("the Property"). *See*

3   Note at 1. The Deed of Trust identifies Plaintiff and Ahmed D. Afroz, her husband, as the

4   borrowers, and World Savings Bank, FSB as the lender. *Id*. Ahmed Afroz is not a named party in

5   the instant action. The note provided $660,000 to Plaintiff, and the Deed of Trust granted

6   Defendant a security interest in the Property. *See* Note at 1; Deed of Trust at 2. Although the

7   Complaint states in several places that Defendants "knew or should have known" that entering the

8   Note would put Plaintiff at risk of foreclosure, neither party has submitted information indicating

9   that the Property has been foreclosed upon.

10   World Savings Bank FSB, the entity that originated Plaintiff's mortgage, was a federally

11   chartered savings association or Federal savings bank. See RJN Ex. C (Letter from OTS dated

12   April 21, 2006). World Savings Bank changed its name to Wachovia Mortgage, FSB in December,

13   2007. *See* RJN, Ex. F. In November, 2009, Wachovia Mortgage FSB merged with Wells Fargo

14   Bank, N.A. *Id*.

15   In Plaintiff's Complaint, she alleges the following claims for relief: (1) violation of

16   California Business & Professions Code § 17200 *et seq*. (Unfair Competition Law or UCL); (2)

17   violation of the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601 *et seq*.;

18   (3) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*., and its implementing

19   regulation, 12 C.F.R. § 226; (4) fraud; (5) fraud in the inducement; and (6) unfair business

20   practices. Defendant has moved to dismiss on various grounds, including that all of Plaintiff's

21   California law claims are preempted by the Home Owner's Loan Act (HOLA), and that Plaintiff

22   has failed to plead sufficient facts to state claims under any of the asserted causes of action.

23   **II.   LEGAL STANDARD**

24   Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

25   it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the

---

26   503 F.3d 974, 978 (9th Cir. 2007) (taking judicial notice of a government publication); Fed. R. Evid. 201(b).

27   [3] The Complaint refers to Seema Khan as a man, while the loan documentation submitted by Defendant refers to Seema Khan as the wife of a husband-and-wife pair. The Court assumes for

28   now that Seema Khan is a woman and addresses her accordingly.

4
Case No.: 10-CV-04057-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

1   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the

3   plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

4   unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has

5   stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable

6   inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

7   However, the court is not required to accept as true "allegations that are merely conclusory,

8   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536

9   F.3d 1049, 1055 (9th Cir. 2008). Leave to amend must be granted unless it is clear that the

10  complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corrections*, 66 F.3d

11  245, 248 (9th Cir. 1995).

### III. ANALYSIS

#### a. HOLA Preemption

Before addressing Defendant's preemption arguments, the Court must determine whether HOLA applies to this action. Federal savings associations, including federal savings banks, are subject to HOLA and regulated by the OTS. 12 U.S.C. § 1464; *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). Although Wells Fargo is a federally chartered bank not subject to HOLA, Plaintiff's loan originated with World Savings Bank, which was a federal savings bank subject to HOLA and OTS regulations. RJN Ex. C. World Savings Bank later changed its name to Wachovia Mortgage, FSB. RJN Ex. F. Wachovia Mortgage is now a division of Wells Fargo. *Id.* Thus, although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations. *See Lopez v. Wachovia Mortg.*, 2010 U.S. Dist. LEXIS 72439, at *6 (N.D. Cal. July 19, 2010) (finding that although Wells Fargo is a federally chartered national bank, the action is governed by HOLA because the loan originated with World Savings Bank, which was regulated by OTS and subject to HOLA).

1    Since this action is governed by HOLA, the Court next must consider the scope of HOLA

2    preemption. The Ninth Circuit has described HOLA and OTS regulations as a "radical and

3    comprehensive response to the inadequacies of the existing state system." *Silvas*, 514 F.3d at 1004

4    (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir.

5    1979), *aff'd*, 445 U.S. 921 (1980)). In its role as principal regulator of federal savings associations,

6    OTS promulgated an express field preemption regulation codified at 12 C.F.R. § 560.2. The

7    regulation states that "OTS hereby occupies the entire field of lending regulation for federal

8    savings associations." 12 C.F.R. § 560.2(a). The effect of this regulation is to leave virtually "no

9    room for state regulatory control." *Silvas*, 514 F.3d at 1004 (quoting *Conference of Fed. Sav.*, 604

10   F.2d at 1257, 1260).

11   OTS regulations provide guidance on determining whether a state law is preempted.

12   Section 560.2(b) provides a nonexclusive list of the types of state laws preempted by the

13   regulation. This list includes "state laws purporting to impose requirements regarding . . . (4) the

14   terms of credit, including amortization of loans . . . (5) loan-related fees . . . (9) Disclosure and

15   advertising, including laws requiring specific statements, information, or other content to be

16   included in credit application forms, credit solicitations, billing statements, credit contracts, or

17   other credit-related documents and laws requiring creditors to supply copies of credit reports to

18   borrowers or applicants . . . (10) processing, origination, servicing, sale or purchase of, or

19   investment or participating in, mortgages . . . ." 12 C.F.R. § 560.2(b)(9). OTS further instructs that

20   the first step in a preemption analysis is to determine whether the state law at issue is of a type

21   listed in paragraph (b). *Silvas*, 514 F.3d at 1005. In doing so, the Court does "not look merely to

22   the abstract nature of the cause of action allegedly preempted but rather to the functional effect

23   upon lending operations of maintaining the cause of action." *Naulty v. GreenPoint Mortg.*

24   *Funding, Inc.*, Nos. C 09-1542, C 09-1545, 2009 U.S. Dist. LEXIS 79250, at *12 (N.D. Cal. Sept.

25   2, 2009). If an application of the state law to the activities of the federal savings bank would

26   "impose requirements" regarding the lending activities listed in paragraph (b), then the analysis

27   ends there; the law is preempted. *Silvas*, 514 F.3d at 1005. Paragraph (c), which lists certain state

28

1   laws that are not necessarily preempted, comes into play only if the state law is not covered by

2   paragraph (b). *Id*.

3         Defendant argues that Plaintiff's first, fourth, fifth, and sixth claims are preempted by

4   HOLA. The Court considers these claims in turn.

5                         i.   Claim 1: California Business and Professions Code § 17200 *et seq*.

6         In her UCL claim, Plaintiff alleges that Defendant made "untrue and misleading

7   statements." Plaintiff's allegations are, for the most part, quite vague. She states that Defendant's

8   misleading and untrue statements addressed "the terms and payment obligations, including

9   statements of the duration of the original payment, duration and amount of the interest rate, and

10  statements obfuscating the risks of loan . . . the prepayment penalty . . . that the home value would

11  continue to rise and that Plaintiff could refinance quickly . . . [and that Defendant] did not make

12  any payments of kickbacks . . . in violation of RESPA."   Because this claim is entirely based on

13  Defendant's disclosures regarding the terms and risks of the loan, it falls within the specific type of

14  preempted state laws listed in § 560.2(b)(9). *Silvas*, 514 F.3d at 1006 (noting that OTS issued a

15  Legal Opinion letter stating that an Indiana law simply incorporating federal disclosure

16  requirements was preempted by HOLA, and that this Legal Opinion must be given "controlling

17  weight" pursuant to *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). *See also, e.g.*, *Newsom v.*

18  *Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1006-08 (N.D. Cal. 2010) (finding that

19  HOLA preempted fraud claim alleging that defendant failed to provide disclosures required by

20  TILA, and misrepresented interest rates and fees); *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp.

21  2d 1226, 1237-38 (E.D. Cal. 2010) (finding that HOLA preempted fraud claim alleging that

22  defendant made material false representations regarding plaintiffs' loan). Therefore, under the

23  approach put forth by OTS and adopted by the Ninth Circuit, the preemption analysis ends, and

24  Plaintiff's UCL claim is preempted and dismissed. Plaintiff may amend this claim if she can state

25  a non-preempted basis for it.

26                      ii.   Claim 4: Fraud

27        Like Plaintiff's UCL claim, her fraud claim is based on vaguely-asserted false or misleading

28  statements Defendant allegedly made in connection with the loan transaction. The Complaint

7
Case No.: 10-CV-04057-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

1   alleges that the Defendant "represented to Plaintiff that all the statements made to him in the
2   origination of the RML [residential mortgage loan] were true and that the value of the Subject
3   Property which supported the loan was also true." Compl. ¶ 48.  Plaintiff further alleges that
4   Defendant(s) "represented themselves as loan experts and represented their employees or third
5   parties such as the appraiser as experts in the field." Compl. ¶ 50.  These allegations are so vague
6   that it is difficult to tell exactly what statements Plaintiff bases her fraud claim on, but as best the
7   Court can tell, this claim appears to depend on the basic allegation that Defendant failed to make
8   required disclosures, or falsely advertised its own expertise or that of third parties.  Accordingly,
9   these statements appear to fall squarely within the preempted "disclosure and advertising"
10  categories of 12 C.F.R. § 560.2(b)(9).  Therefore, pursuant to the analysis in the preceding section,
11  Plaintiff's fraud claim is preempted by HOLA and is thus dismissed.  Plaintiff may amend this
12  claim if she can state a non-preempted basis for it.

### iii.   Claim 5: Fraud in the Inducement

14  The Complaint alleges that the Defendant "made a series of fraudulent promises . . .
15  includ[ing] but . . . not limited to statements about the increase of value of the property, the ease
16  that refinancing would occur, the monthly payments and interest rate." Compl. ¶ 54.  As with
17  Plaintiff's fraud claim, all of the alleged bases of the fraud in the inducement claim relate to
18  disclosures made during origination of a mortgage loan, and, pursuant to the analysis above, are
19  preempted by HOLA.  Thus, Plaintiff's fraud in the inducement claim is dismissed.  Plaintiff may
20  amend this claim if she can state a non-preempted basis for it.

### iv.   Claim 6: Unfair Business Practices

22  Plaintiff's sixth claim alleges that Defendant "artificially rais[ed] the value of the home in
23  order to allow for a larger loan to maximize Defendants profits.  Further, Defendants false
24  promises and statements were designed to unfairly prejudice Plaintiff and profit from Plaintiff's
25  loss." Compl. ¶ 59.  Like the UCL, fraud, and fraud in the inducement claims, these allegations fall
26  within the preempted categories from 12 C.F.R. § 560.2(b), including "processing, origination,
27  servicing, sale or purchase of, or investment or participating in, mortgages." *Grant v. Aurora Loan*
28  *Servs.*, No. CV 09-08174- MMM, 2010 U.S. Dist. LEXIS 98034 at *45-*47 (C.D. Cal. Sept. 10,

8
Case No.: 10-CV-04057-LHK
ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

1   2010) (finding unfair practices claim based on allegedly inaccurate appraisals preempted by

2   HOLA, and citing additional cases in accord).  Accordingly, Plaintiff's unfair business practices

3   claim is dismissed.  Plaintiff may amend this claim if she can state a non-preempted basis for it.

### b. RESPA

Plaintiff's second cause of action cites no specific RESPA provision allegedly violated. She alleges RESPA was violated by a) statements regarding the terms and payment obligations, including statements of the duration of the original payment, duration and amount of the interest rate and b) statements regarding the prepayment penalty, including that the loan had no prepayment penalty, or that the prepayment penalty could be easily waved by making payments of kickbacks, fees or other "things of value."  Compl. ¶¶ 42-43.  In paragraph 14 of the Complaint, Plaintiff alleges that RESPA was violated by kickbacks in violation of "Section 8" of RESPA.

In order to satisfy Rule 8, the Plaintiff must provide more than legal conclusions.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1940 (2009).  Plaintiff's pleadings, stated without specificity and in the alternative, are so vague that they deprive the Defendant the opportunity to respond to them. The Court need not accept such allegations as true.  *Iqbal*, 129 S.Ct. at 1950.  Accordingly, the RESPA claim is dismissed with leave to amend.

### c. TILA

Like the rest of Plaintiff's claims, her TILA claim is supported only by legal conclusions. Plaintiff alleges that Defendant violated TILA by a) failing to inspect her current and expected "Repayment Ability;" b) failing to clearly and conspicuously disclose key provisions of Plaintiff's mortgage, including the eventually reset interest rate, specific loan terms, and the total dollar amount the mortgage would cost over time.  Compl. ¶ 45.  In order to satisfy Rule 8, Plaintiff must identify what specific sections of TILA she claims were violated, and by what specific actions of Defendant.  Like her RESPA claim, Plaintiff's TILA claim is simply too vague and conclusory to meet Rule 8's requirements.  Accordingly, this claim is dismissed with leave to amend.


## IV. CONCLUSION

Plaintiff has failed to state a claim on any of the causes of action advanced in the Complaint. Plaintiff's UCL claim (claim 1), fraud claim (claim 4), fraud in the inducement claim (claim 5) and unfair business practices claim (claim 6) are dismissed because they are preempted by HOLA. Plaintiff may amend the Complaint to state these claims on a non-preempted basis, if she can. The RESPA claim (claim 2) and TILA claim (claim 3) are dismissed with leave to amend. The Court did not reach a number of arguments raised by Defendant's motions because it was not necessary to do so in order to decide these motions. However, if Plaintiff chooses to file an amended complaint, she should carefully consider and address the deficiencies raised by Defendant in its motions to dismiss and to strike.

Plaintiff may file an amended complaint within **30 days of the date of this Order**. If Plaintiff fails to do so, this matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: January 11, 2010

_____
LUCY H. KOH
United States District Judge